IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SEAPORT VILLAGE LTD., | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellant, | § | No. 118, 2016 |
| | § | |
| v. | § | Court Below:  Court of Chancery |
| | § | of the State of Delaware |
| TERRAMAR RETAIL CENTERS, | § | |
| LLC, | § | C.A. No. 8841-VCL |
| | § | |
| Defendant Below, | § | |
| Appellee, | § | |
| | § | |
| and | § | |
| | § | |
| SEAPORT VILLAGE OPERATING, | § | |
| CO., | § | |
| | § | |
| Nominal Defendant Below, | § | |
| Appellee. | § | |

Submitted:  September 21, 2016
Decided:     September 26, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

# **O R D E R**

This 26th day of September 2016, upon consideration of the parties' briefs and the record in this case, it appears to the Court that:

(1)    This is an appeal involving an argument that the manager of a limited liability company violated its fiduciary duties by, among other things, providing

financing to the LLC at rates the plaintiff unitholder contends was unfair and in breach of the manager's fiduciaries duties. We affirm on the basis of the Vice Chancellor's bench decision of November 9, 2015, which carefully explained why it rejected the plaintiff's argument that the manager had exacted an unfair rate from the LLC.

(2) Moreover, to the extent the plaintiff argues on appeal that the Court of Chancery failed to consider an argument that the manager had to provide financing to the LLC at the same rate that the manager could obtain financing for itself, this argument was not fairly presented to the Court of Chancery in the plaintiff's trial briefs below and is waived.[1] Furthermore, that argument has no merit and the Court of Chancery explained in detail why the record supported the view that the LLC was a materially riskier borrower than the manager itself and that the LLC's fair rate of borrowing was therefore higher than that of the manager.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[1] This argument was mentioned in a cursory manner in defendant's Post-Trial Brief. App. to Answering Br. at B702. It was not mentioned at all in defendant's Pre-Trial Brief. App. to Answering Br. at B604-40.

2